# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CRISTIAN ALEXIS BARAJAS,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF NEVADA,<br><br>    Respondent. | Case No. 2:19-cv-01122-GMN-VCF<br><br>**ORDER** |

Petitioner, represented by retained counsel, has submitted a petition for a writ of habeas corpus. The court will serve the petition upon respondents for a response, with a few notes.

Petitioner alleges that on May 11, 2008, he was a 14-year old minor. That date, he was arrested for an assault. He further alleges that on June 11, 2008, he was convicted in state district court as an adult for the offense of battery with substantial bodily injury.[1] Petitioner raises four claims for relief, all related to his adjudication as an adult. Petitioner also claims that because of the conviction, he is ineligible for Deferred Action for Children of Aliens and for Cancellation of Removal.

First, it appears that this court lacks jurisdiction. Under the law as it existed at the time, battery with substantial bodily injury is a category C felony. Nev. Rev. Stat. § 200.481(2)(b) (2005). The punishment for a category C felony is imprisonment for a minimum term of not less

---

[1] Petitioner does not allege this, but one month between arrest and conviction likely means that he pleaded guilty.

1

than one year and for a maximum term of not more than five years.  Nev. Rev. Stat. § 193.130(2)(c).  Even if the state district court imposed the greatest possible sentence, and even if petitioner received no credits to reduce his sentence, that sentence would have expired no later than June 2013.  It appears that petitioner no longer is in custody pursuant to the state-court judgment of conviction.  See 28 U.S.C. § 2254(a).[2]  Petitioner might be suffering collateral immigration consequences, but those collateral consequences do not satisfy the jurisdictional requirement of custody.  Resendiz v. Kovensky, 416 F.3d 952, 956-58 (9th Cir.2005), abrogated on other grounds by Chaidez v. United States, 568 U.S. 342 (2013).[3]

Second, it appears that this action is untimely.  The judgment of conviction was entered on or around June 11, 2008.  Petitioner had one year from the date that the judgment of conviction became final to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A).  Petitioner does not allege that he appealed the judgment of conviction, and the court cannot find any record of an appeal with the Nevada Supreme Court.  Petitioner also does not allege that he pursued a post-conviction habeas corpus petition in the state courts, and thus he would not be eligible for statutory tolling under 28 U.S.C. § 2244(d)(2).  It appears that the one-year period expired on or around June 11, 2009, around ten years before petitioner commenced this action.

IT THEREFORE IS ORDERED that the clerk file the petition, currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition (ECF No. 1).

---

[2] Petitioner styles this action as a petition under 28 U.S.C. § 2241, but that changes nothing.  Underlying the petition is a state-court judgment of conviction.  Section 2241 is the general grant of jurisdiction for habeas corpus.  Section 2254 qualifies and restricts the availability of habeas corpus for a person in custody pursuant to a state-court judgment of conviction.  Frantz v. Hazey, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc).  If the sentence has expired and petitioner no longer is in custody pursuant to the state-court judgment of conviction, it does not mean that petitioner may discard the qualifications and restrictions of § 2254.  It means that the court lacks jurisdiction.

[3] The named respondent, the State of Nevada, reflects this problem.  The correct respondent is the person who has custody over petitioner.  28 U.S.C. § 2242.  However, if petitioner has discharged his sentence, then no Nevada official has custody over him.  The court will not require petitioner to file an amended petition now with the correct respondent, but if the action survives what appears to be an inevitable motion to dismiss, then petitioner will need to correct this problem.

2

1    IT FURTHER IS ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within sixty (60) days of service of an amended petition and that petitioner may file a reply within thirty (30) days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: December 6, 2019

_____
GLORIA M. NAVARRO
United States District Judge